Eastern District of Kentucky
FILED
NOV 25 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

CRIMINAL ACTION NO. 5:25-CR-143-KKC

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| V. | **PLEA AGREEMENT** |
| **ERNEST WILLIAMS** | **DEFENDANT** |

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant Ernest Williams ("Defendant") will enter a guilty plea to Count 1 of the Information, charging health care fraud, in a violation of 18 U.S.C. § 1347. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 1 of the Indictment pending in *United States v. Jordan, et al.*, 5:24-CR-111-KKC. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count 1 are:

　(a) the Defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program, by means of false or fraudulent pretenses, representations, or promises;

　(b) the false or fraudulent pretenses, representations, or promises related to a material fact;

(c) the Defendant acted willfully and intended to defraud;

(d) the Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

3. As to the charge in the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Serenity Keeper's LLC ("Serenity Keepers") was a Kentucky corporation formed by Delores Jordan on August 20, 2019, based in Fayette County, Kentucky, in the Eastern District of Kentucky. Serenity Keepers was a sober home company that purported to provide mental health and substance abuse treatment services and housing for individuals enrolled in the program. In 2019, the Defendant moved from North Carolina to Kentucky to assist Jordan in developing the Serenity Keepers business. Beginning in 2019 and continuing through February 16, 2022, in the Eastern District of Kentucky, the Defendant ran several sober homes operating as part of Serenity Keepers. The Defendant, at the direction of Jordan, caused Serenity Keepers to refer medically unnecessary urine drug testing and to bill for behavioral health services that were not provided, not provided by licensed peer support specialists, and not provided in accordance with Kentucky state regulations.

(b) As part of the scheme, between August 2019 and March 2022, Serenity Keepers caused Medicaid and Medicare to pay three urine drug testing labs a total of $2,569,946.66 for urine drug testing not performed for purposes of medical diagnosis and treatment, not ordered by a treating medical provider, and the results of which were not reviewed by a medical provider. The Defendant performed urine drug testing on the residents of the homes he operated knowing the tests were not ordered by a medical provider and the results of which were not reviewed by a medical provider. The Defendant did not receive any proceeds from the fraudulent urine drug testing and performed the tests at Jordan's direction.

(c) As further part of the scheme, between August 2019 and March 2022, Serenity Keepers billed Medicaid for peer support services that were not provided, not provided by licensed peer support specialists, and not provided in accordance with Kentucky state regulations. At Jordan's direction, the Defendant willfully represented that the individuals living in his sober homes received six hours of peer support services per day, knowing that was not true. As a result, the Defendant caused Serenity Keepers to bill Medicaid for services not provided. Over that

2

timeframe, the Defendant received $365,374.72, a percentage of the amount billed to Medicaid for the homes he managed.

(d) In furtherance of the scheme, between September 1, 2021 and February 15, 2022, Serenity Keepers submitted (i) 88 claims for urine drug tests for patient S.K. that were not performed for purposes of medical diagnosis and treatment, were not ordered by a treating physician or medical provider, and the results of which were not reviewed by a treating physician or medical provider or used in directing the care of the patient, and (ii) 113 claims for peer support services for patient S.K. that were not provided by a registered peer support specialist, were not supervised by appropriate personnel, were not provided at all, and were otherwise not provided in accordance with state regulations governing peer support services.

4. The statutory punishment for 18 U.S.C. § 1347 is imprisonment for not more than 10 years, a fine of not more than $250,000 or twice the gross gain or gross loss, and supervised release of no more than 3 years. A mandatory special assessment of $100 applies per count, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the unnecessary urine drug testing and peer support services.

(c) Pursuant to U.S.S.G. § 2B1.1, the base offense level is 6.

(d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(I), the offense level should be enhanced by 16 levels because the loss amount exceeded $1,500,000.

3

(e) Pursuant to U.S.S.G. § 2B1.1(b)(7)(B)(i), increase the offense level by 2 levels because the loss to a government health care program was more than $1,000,000.

(f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(g) Pursuant to U.S.S.G. § 5E1.1 and 18 U.S.C. § 3663A, restitution is at least $2,569,946.66, and the victims are the Kentucky Department for Medicaid Services (DMS) and the Centers for Medicare & Medicaid Services (CMS).

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10. The Defendant consents to the imposition of a forfeiture money judgment in the amount of $365,374.72, which represents the amount of proceeds that the Defendant obtained as a result of the offense to which he is pleading guilty. The Defendant consents

to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2. If the Defendant fails to pay in full the forfeiture money judgment, he consents to the forfeiture of any other property of his up to the amount of the forfeiture money judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant agrees to pay restitution in an amount not less than $2,444,528.30 to the Kentucky Department for Medicaid Services, and $125,418.36 to the Centers for Medicare & Medicaid Services, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis. The parties agree that the Defendant should be jointly and severally liable for his restitution with any other defendant that has contributed to the losses of the victims.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading

guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the

provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the

United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 11/19/25

By: *Kate K Smith*
Kate K. Smith
Assistant United States Attorney

Date: 11-18-25

*Ernest Williams*
Ernest Williams
Defendant

Date: 11-18-25                              *Thomas C Lyons* (signature)
                                            Thomas Lyons
                                            Attorney for Defendant